IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH SAMUELS,                  )
                                    )   2:13-cv-00713-GEB-DAD
            Plaintiff,              )
                                    )
        v.                          )   STATUS (PRETRIAL SCHEDULING)
                                    )   ORDER
OWENS-BROCKWAY GLASS CONTAINER,     )
INC.; and DOES I through V,         )
                                    )
            Defendants.             )
_____    )

        The status (pretrial scheduling) conference scheduled for hearing on July 8, 2013, is vacated since the parties' Joint Status Report filed on June 24, 2013 ("JSR") indicates the following Order should issue.

                    DOE DEFENDANTS, SERVICE, AMENDMENT

        Plaintiff states in the JSR that she "does not anticipate joining additional parties unless discovery indicates that Owens-Illinois, Inc., whom Defendant identified as an Interested Party, should be a defendant in this action or that other parties should be joined. Plaintiff will effect any joinders, if necessary, by September 30, 2013." (JSR 2:8-11, ECF No. 8.)

        The parties also state in the JSR that "they do not presently anticipate the need for amendments of the pleadings[,]" but that if "discovery reveals" any amendments are necessary, they "shall be filed by December 1, 2013." (Id. at 2:13-14.)

1

Therefore, Plaintiff has until September 30, 2013, to file a motion in which leave is sought to file an Amended Complaint to add a new defendant. If leave is not sought as stated, Does I through V will be automatically dismissed from this action.

Further, the parties have until December 2, 2013, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to amend their pleadings in response to information obtained during discovery.

The referenced motions must be noticed for hearing on the Court's earliest available law and motion date.

No further service, joinder of parties, or amendments to pleadings is permitted, except with leave of Court for good cause shown.

ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff joins a party pursuant to the leave given above, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

DISCOVERY

All discovery shall be completed by October 14, 2014. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before April 7, 2014, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before May 5, 2014.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is December 22, 2014, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for February 23, 2015, at 11:00 a.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1   The parties shall file a **JOINT** pretrial statement no later

2   than seven (7) calendar days prior to the final pretrial conference. The

3   joint pretrial statement shall address the applicable portions of Local

4   Rule 281(b), and shall set forth each theory of liability ("claim") and

5   affirmative defense which remains to be tried, and the ultimate facts on

6   which each theory/defense is based. Furthermore, each party shall

7   estimate the length of trial.[2] The Court uses the parties' joint pretrial

8   statement to prepare its final pretrial order and could issue the final

9   pretrial order without holding the scheduled final pretrial conference.

10  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no

11  requirement that the court hold a pretrial conference.").

12   If feasible, at the time of filing the joint pretrial

13  statement counsel shall also email it in a format compatible with

14  WordPerfect to: geborders@caed.uscourts.gov.

15   <u>TRIAL SETTING</u>

16   Trial shall commence at 9:00 a.m. on May 19, 2015.

17   IT IS SO ORDERED.

18  Dated:  July 5, 2013

19

20   GARLAND E. BURRELL, JR.

21   Senior United States District Judge

22

23

24

25

26

27

28   [2]   If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4