UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SAMUELS,<br><br>   Plaintiff,<br><br>   v.<br><br>OWENS-BROCKWAY GLASS CONTAINER INC. and DOES 1 through V,<br><br>   Defendants. | No.  2:13-cv-0713 GEB DAD<br><br><br>ORDER |

On February 11, 2014, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration.  That proposed stipulated protective order provides that "[a]ll documents" containing confidential information "shall be filed under seal" by placing the documents in sealed envelopes "on which it shall be endorsed" that "[t]his envelope is sealed pursuant to order of the Court . . ."  (Proposed Stipulated Protective Order filed February 11, 2014 (Dkt. No. 16) at 3-4[1].)

All documents filed with the court are presumptively public.  See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively

---

[1] Citations such as this one are to the page number reflected on the court's CMECF system and not to the page number assigned by the parties.

1

1  public."). Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the
2  parties may, in appropriate circumstances, propose means of protecting the claimed
3  confidentiality of information in certain documents filed in a specific case. FED. R. CIV. P. 26(c).
4  Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in
5  light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d
6  364, 368-69 (9th Cir. 1982).

7  Whether or not a protective order is entered in any case is subject to the discretion of the
8  court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c)
9  confers "broad discretion on the trial court to decide when a protective order is appropriate and
10 what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th
11 Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent
12 disclosure of materials for many types of information"). A protective order will not be entered
13 absent a showing of good cause. FED. R. CIV. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co.,
14 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can
15 gain access to litigation documents and information produced during discovery unless the party
16 opposing disclosure shows 'good cause' why a protective order is necessary.").

17 A party's desire for a protective order does not constitute good cause to bar the public
18 from access to litigation documents. Rather, the party seeking protection bears the burden of
19 showing specific prejudice or harm, including, with respect to individual documents, particular
20 and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187
21 F.3d at 1102-03. "If a court finds particularized harm will result from disclosure of information
22 to the public, then it balances the public and private interests to decide whether a protective order
23 is necessary." Phillips, 307 F.3d at 1211.

24 Stipulations and motions for entry of a protective order must (1) show a particularized
25 need for protection as to each individual document or piece of information proposed to be
26 covered by the order, (2) show why the need for protection should be addressed by court order, as
27 opposed to a private agreement between or among parties, and (3) describe the types of
28 documents or information eligible for protection under the order, with the description provided in

1  general terms sufficient to reveal the nature of the types of documents or information.  See San
2  Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are
3  inherently subject to challenge and modification, as the party resisting disclosure generally has
4  not made a particularized showing of good cause with respect to any individual document");
5  Local Rule 141.1.

6  　　　　Here, the Court will not approve a protective order that provides blanket authority to the
7  parties to file documents under seal.  In this regard, the parties are advised that documents that are
8  the subject of a protective order may be filed under seal only if a sealing order is first obtained.
9  See Local Rule 141.1.  A party seeking to obtain a sealing order shall comply with the provisions
10 of Local Rule 141, which sets forth a specific procedure for seeking a sealing order.  After
11 compliance with Local Rule 141, the court will issue an order granting or denying the request to
12 seal.

13 　　　　Moreover, it appears that the parties' proposed stipulated protective order contemplates
14 that the Court shall retain jurisdiction over the enforcement of the stipulated protective order even
15 after this lawsuit terminates.  (Proposed Stipulated Protective Order filed February 11, 2014 (Dkt.
16 No. 16) at 9.)  Local Rule 141.1(f), however, provides that once the Clerk has closed an action,
17 unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of
18 any protective order filed in that action.  In their proposed protective order the parties have not
19 addressed why the Court should deviate from this local rule of court in this case.

20 　　　　The parties' request for entry of the proposed stipulated protective order will, therefore, be
21 denied without prejudice to the submission of a stipulated protective order that cures these
22 defects.  The parties may, of course, agree that specific documents to be filed with the court that
23 disclose information derived from documents containing confidential information shall be
24 submitted to the court either in redacted form in conformity with Local Rule 140 or with a request
25 to seal documents and proposed sealing order in conformity with Local Rules 141 and 141.1.
26 /////
27 /////
28 /////

Accordingly, IT IS ORDERED that the parties' February 11, 2014 request for entry of the proposed stipulated protective order (Dkt. No. 16) is denied without prejudice.

Dated:  February 13, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\samuels0713.stip.protord.den.docx