SCHIFF HARDIN LLP
Stephen M. Hankins (CSB # 154886)
*shankins@schiffhardin.com*
Sarah D. Youngblood (CSB # 244304)
*syoungblood@schiffhardin.com*
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701

Attorneys for Defendant
OWENS-BROCKWAY GLASS CONTAINER INC.

SANDRA J. COHEN, CA SB#. 85045
300 South First Street, Suite 320
San Jose CA 95113
408-975-0545
e-mail:*sjcohen@employmentatty.com*

Attorney for Plaintiff ELIZABETH SAMUELS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SAMUELS,<br><br>             Plaintiff,<br><br>v.<br><br>OWENS-BROCKWAY GLASS CONTAINER INC. and DOES 1 through V,<br><br>             Defendant. | No.  2:13-cv-00713-GEB-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

Whereas, Plaintiff in the above-captioned action seeks discovery from Defendant of documents, information, or other materials that contain non-public, confidential, competitively-sensitive, and/or proprietary information of Defendant or of third parties;

Whereas, Plaintiff and Defendant wish to ensure that such information shall be used only for the purposes of this action and shall not be disclosed or used in any other way; and

///

Whereas, the parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, and/or proprietary information that may be sought in discovery;

The Court hereby finds that good cause exists for entry of the Protective Order to limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

**1.    Scope**

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in the Litigation whether revealed in a document, deposition, other testimony, discovery responses or otherwise, by any party (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein.

b.    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony given in this proceeding, which it believes in good faith constitutes, reflects or discloses confidential and proprietary information, including: (i) manufacturing, bottling, and shipping processes, bottle specifications, plans, and designs, financial data, marketing and advertising data or plans, strategic or long-range plans, and/or cost, compensation, expense data; (ii) any information that any party believes would compromise and/or jeopardize the Producing Party's competitive business interests; (iii) information containing employee compensation, benefits, and/or terms and conditions of employment as may be reflected in a collective bargaining agreement or related documents; and (iv) other information understood to be confidential pursuant to a confidentiality agreement.

c.    Any party may designate as Confidential ("Designating Party") documents or information produced by another party if that material either originated from the designating party or was generated on the designating party's behalf, in which case, the designating party shall be deemed a Producing Party for purposes of this Order.

**2.    Designation of Confidentiality**

Documents or information may be designated "Confidential" in the following ways:

a.    A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONTAINS CONFIDENTIAL INFORMATION."

b.    A Producing Party shall designate interrogatory answers and responses to requests for admission as Confidential Information by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

c.    In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information by making a statement on the record in the course of the deposition or by letter within 21 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the 21-day period for designation. The following legend shall be placed on the front of the original and each copy of the deposition transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as "CONFIDENTIAL," the video container shall be labeled with the legend provided for in paragraph 2(a) above. When a deposition transcript contains Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information and bind them separately from the non-confidential portions.

**3.    Filing of Confidential Information**

Without written permission from the Producing/Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must

comply with Civil Local Rule 141.  Further, a Party that seeks to file any redacted material must comply with Civil Local Rule 140.  Protected Material may only be filed under seal or redacted pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal or redacted pursuant to Civil Local Rules 140 and 141 is denied by the Court, then the Receiving Party may file the information in the public record, unless otherwise instructed by the Court.

**4.     Use of Confidential Information**

a.     Any person other than the Producing Party shall use Confidential Information only in conducting or defending this Litigation, and shall not use Confidential Information for any business, competitive, personal, private, public, or organizational purposes.

b.     Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information for any purpose. The Producing Party may withdraw or modify any designation.

**5.     Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

a.     The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

b.     Mediators or other individuals engaged or consulted in settlement of this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

c.     Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

    d.    Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

    e.    Any expert witness retained by a party to give testimony in the Litigation or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that such witness executes, in advance, the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

    f.    Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment; and

    g.    Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

    h.    The Plaintiff, but only after the Plaintiff executes the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

**6.     Custody of Acknowledgement and Agreement to be Bound by Protective Order**

Counsel of record for the disclosing party shall keep originals of every Acknowledgement and Agreement to be Bound by Protective Order executed pursuant to Section 5 above.

**7.     Objections to Designations**

In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon, the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter, the Producing/Designating Party must apply to the Court within the next ten (10) court days for an Order confirming the propriety of the designation with respect to the challenged discovery materials. Failure to file said petition within that period constitutes a waiver of any such claim of

- 5 -     CASE NO. 2:13-cv-00713-GEB-DAD
[PROPOSED] STIPULATED PROTECTIVE ORDER

confidentiality. If such a request is made, the Producing/Designating Party has the burden of establishing that the designation is proper. If the Producing/Designating Party agrees to change the designation to nonconfidential, the Producing Party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as Confidential, or the Producing/Designating Party agrees to change the designation.

**8.     Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

**9.     Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that all such information has been destroyed.

**10.    Correction of Designation and Inadvertent Production of Confidential or Privileged Information**

a.     Inadvertent production of Confidential Information shall not be deemed a waiver of any party's right to designate materials under the terms of this Order. If a party discovers that documents or information that qualify as Confidential Information have been produced without the designations set forth in this Order, that party shall be entitled to make a correction to the document or information's designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the material to reflect its confidential status and certify that the original and all copies

of the materials have been appropriately marked. Individuals who reviewed any mis-designated material prior to notice of the mis-designation shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials. In the event the Receiving Party disputes the designation, the Producing/Designating Party may seek an order confirming the designation pursuant to the provisions of this Order.

     b.      A party that learns that the party inadvertently produced documents or other information during discovery in this Litigation which that party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such documents or information. Inadvertent production shall not be deemed a waiver of any applicable privilege. Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party shall (a) return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the Receiving Party objects to the return of the document, the Producing Party shall move the Court within thirty (30) days of the date of the Receiving Party's written objection for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as Confidential Information pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made within the thirty (30) day period the Receiving Party may retain the produced document or information until the Court resolves the motion. However, the Receiving Party shall not use the document or information for any purpose except upon further order of the Court. Failure to file said motion within the specified period constitutes a waiver of any such claim of inadvertent production and any claimed privilege or other basis for protection from discovery of the document or information.

     c.      If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing

Party and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

**11.    Limitation on the Scope of this Order**

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

**12.    No Admission**

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**13.    Duty to Notify of Receipt of Request for Confidential Information**

If any Receiving Party receives a request of any kind, including via subpoena or other legal process, for documents subject to this Order, such Receiving Party must inform the party requesting the information of this Order, provide the requesting party with a copy of this Order, and give the Producing Party, or other party who designated information under the terms of this Order, written notice of the request within three (3) business days after its receipt and three (3) business days before it produces any documents in response to the request, so that the Producing Party has an opportunity to take appropriate action, including moving for relief, prior to the production of any responsive material.

**14.    Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing/Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

**15.  Modification of Order**

This Order is binding on all parties to this Litigation and on all other parties who have received Confidential Information pursuant to this Order, and shall remain in full force and effect until modified, superseded, or terminated by further order of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information.

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such order.

IT IS SO STIPULATED:

Dated:  February 25, 2014                    SANDRA J. COHEN

                                             By: */s/ Sandra J. Cohen*
                                             Sandra J. Cohen
                                             Attorneys for Plaintiff
                                             ELIZABETH SAMUELS

Dated:  February 25, 2014                    SCHIFF HARDIN LLP

                                             By: */s/ Sarah D. Youngblood*
                                             Sarah D. Youngblood
                                             Attorneys for Defendant
                                             OWENS-BROCKWAY GLASS
                                             CONTAINER INC.

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  February 25, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\samuels0713.stip.prot.ord.doc

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Elizabeth Samuels v. Owens-Brockway Glass Container, Inc.*, Case No. 2:13-cv-00713-GEB-DAD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SF\320970890.1