UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SAMUELS,<br><br>          Plaintiff,<br><br>   v.<br><br>OWENS-BROCKWAY GLASS CONTAINER, INC.,<br><br>          Defendant[*]. | No. 2:13-cv-00713-GEB-DAD<br><br>**ORDER DENYING PLANITIFF'S SEALING REQUEST** |

On December 4, 2014, Plaintiff submitted for in camera consideration a Request to Seal Documents, a proposed sealing order, and the documents sought to be sealed. The documents sought to be sealed are referenced in a publicly filed Notice of Request to Seal Documents as "[p]artially redacted spreadsheets marked 'Confidential' listing bottles manufactured at Defendant's Tracy California plant during the years 2008 through 2012 and Bates stamped OB03440 through OB03450 and OB3474 — OB03474 through OB03488." (Not. of Req. to Seal 1:25-28, ECF No. 35.)

Plaintiff "requests that the [referenced] documents be filed under seal" as Exhibit 1 to her opposition to Defendant's pending summary judgment motion, arguing the documents "were produced in discovery in this action pursuant to a Stipulated

---

[*] The caption has been amended according to the automatic dismissal of Doe Defendants. (See Status Order 2:1-4, ECF No. 11.)

Protective Order," and "disclosure [thereof] will compromise [Defendant's] proprietary interests." (Pl.'s Req. to Seal 1:27-2:9.) Plaintiff further argues that "[p]ublic access to these documents would reveal a legitimate trade secret." (Id. at 2:4-5.)

Plaintiff neither discusses the applicable sealing standard in her Request to Seal Documents, nor demonstrates that it has been met. See E.D. Cal. 141(b) ("The 'Request to Seal Documents' shall set forth the statutory or other authority for sealing . . . ."). "[A] party seeking to seal a [document] attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams v. U.S. Bank Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (quoting Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).

> [Plaintiff] cannot provide the compelling reasons necessary to justify the . . . sealing of [the referenced documents] with a few generalized, sweeping sentences. [She] needed (and failed) to specifically address why each document contained [proprietary] information of such a compelling nature as to overcome the strong presumption of public access.

In re LDK Solar Secs. Litig., No. C 07-05182 WHA, 2010 WL 724809, at *1 (N.D. Cal. Mar. 1, 2010). Therefore, the sealing request is DENIED.

Further, since Local Rule 141(e)(1) prescribes that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied," the documents emailed to the courtroom deputy clerk for judicial in camera consideration are treated as

having been returned to the moving parties. <u>United States v. Baez-Alcaino</u>, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated: December 9, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge